08-1458-ag
Djokic v. Holder

BIA
Bain, IJ
A079 319 095

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand ten.

PRESENT:
    DENNIS JACOBS,
            *Chief Judge*,
    GUIDO CALABRESI,
    DEBRA ANN LIVINGSTON,
            *Circuit Judges*.

_____

JASMINA DJOKIC,
        *Petitioner*,

    v.                                    08-1458-ag
                                          NAC
ERIC H. HOLDER, JR.,[1] UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**      **Robert M. Birach, Detroit, Michigan.**

**FOR RESPONDENT:**      **Tony West, Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Janice K. Redfern, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jasmina Djokic, a native and citizen of the former Yugoslavia, seeks review of a February 27, 2008 order of the BIA affirming the November 28, 2006 decision of Immigration Judge ("IJ") Terry Bain, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jasmina Djokic*, No. A079 319 095 (B.I.A. Feb. 27, 2008), *aff'g* No. A079 319 095 (Immig. Ct. N.Y. City Nov. 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The

2

applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

The agency determined that, although she experienced past persecution, conditions in Montenegro have changed to the extent that Djokic no longer has a well-founded fear of persecution. 8 C.F.R. § 1208.13(b)(1). The agency is required to provide a reasoned basis for such a finding. *See Niang v. Mukasey*, 511 F.3d 138, 148-49 (2d Cir. 2007). Here, the IJ examined the record and reasonably determined that Djokic's fear of persecution was not objectively well-founded, for the following reasons. Since Montenegro separated from Serbia, conditions for ethnic Albanians had improved. Although Djokic may be subject to harassment and discrimination, any adverse treatment would not rise to the level of persecution. Given the IJ's review of the record, substantial evidence supports her finding that any presumption of a well-founded fear of persecution was successfully rebutted. *See* 8 U.S.C. § 1252(b)(4)(B); *Hoxhallari v. Gonzales*, 468 F.3d 179, 184 (2d Cir. 2006). *But see Alibasic v. Mukasey*, 547 F.3d 78, 81-82, 84-87 (2d Cir. 2008) (finding that the BIA erred in reversing the IJ's grant of asylum based on the same evidence).

Even absent a well-founded fear of future persecution, the agency may grant asylum based on the severity of past persecution. 8 C.F.R. § 1208.13(b)(1)(iii)(A) (providing that to be eligible for humanitarian asylum, a petitioner must demonstrate "compelling reasons for being unwilling or unable to return . . . [that] aris[e] out of the severity of the past persecution"). There is no abuse of discretion in the BIA's conclusion, based on the facts found by the IJ, that Djokic did not endure the type of atrocious persecution for which humanitarian asylum is reserved.[2] *See Mirzoyan v. Gonzales*, 457 F.3d 217, 220 (2d Cir. 2006) (stating that humanitarian asylum is reserved for "certain rare cases"); *Jalloh v. Gonzales*, 498 F.3d 148, 151 (2d Cir. 2007) (per curiam); *Matter of Chen*, 20 I. & N. Dec. 16, 19 (B.I.A. 1989).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

---

[2] Despite Djokic's argument to the contrary, we do not find that the BIA acted *ultra vires* in finding her ineligible for humanitarian asylum. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (providing that the BIA may review *de novo* "questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges").

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk